UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH EARL DICKERSON, III                                    CIVIL ACTION

VERSUS                                                                        NO. 15-3445

NEWELL NORMAND,                                      SECTION "E" (3)
SHERIFF OF JEFFERSON PARISH

## REPORT AND RECOMMENDATION

Plaintiff, Joseph Earl Dickerson, III, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff Newell Normand. In his complaint, plaintiff claims that the defendant has refused to provide him with copies of public records.

Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

>Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
>>(i) is frivolous or malicious;
>>(ii) fails to state a claim on which relief may be granted; or
>>(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous and/or failing to state a claim on which relief may be granted.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff's Claim

Plaintiff has been engaged in a protracted battle with the Jefferson Parish Sheriff's Office to gain access to public records he desires in order to file a state post-conviction application. Specifically, since 2012, he has been attempting to obtain the "investigation file" concerning his state criminal prosecution and conviction. Although he concedes that the Sheriff's Office furnished him with copies of documents from that file, he alleges that the file contains *other* documents that have not been produced. In an attempt obtain the allegedly withheld documents, plaintiff ultimately sought the intervention of the state courts. However, despite various state court orders directing the Sheriff's Office to produce the investigation file in its entirety,[2] plaintiff contends that not all documents have yet been produced.

Changing tactics, plaintiff has now filed this lawsuit pursuant to 42 U.S.C. § 1983 in an attempt to obtain the allegedly withheld documents. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of *a right secured by the Constitution and the laws of the United States,* and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted; emphasis added).

Despite plaintiff's best efforts to couch his claim in terms of a federal constitutional violation, it is not. It was, and it remains, nothing more than a dispute over whether the defendant has

---

[2] Rec. Doc. 1-2, pp. 23-25 and 28.

complied with his obligations under Louisiana's Public Records Law, which is an issue of *state* law for the *state* courts.  Because no federal constitutional or statutory rights are implicated, it does not form the basis of a cognizable § 1983 claim.  See Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914, at *3 (E.D. La. Sept. 24, 1992) (inmate's claim that an official violated the Louisiana Public Records Law is based solely in state law and presents no federal constitutional violation cognizable pursuant to § 1983), aff'd, 996 F.2d 306 (5th Cir. 1993); see also Rinker v. New Orleans District Attorney, Civ. Action No. 10-810, 2010 WL 2773236, at *6 (E.D. La. June 15, 2010), adopted, 2010 WL 2773383 (E.D. La. July 12, 2010); Harris v. Orleans District Attorney's Office, Civ. Action No. 09-6622, 2009 WL 3837618, at *3 (E.D. La. Oct. 13, 2009) (adopted by Berrigan, J., on November 9, 2009); Johnson v. Morrell, Civ. Action No. 09-3753, 2009 WL 2599286, at *2 (E.D. La. Aug. 17, 2009), appeal dismissed, 391 Fed. App'x 333 (5th Cir. 2010). Moreover, as plaintiff acknowledges, he has in fact met with some success in pursuing his claim in the state courts, and it is there where he should continue his efforts.

      The foregoing is not altered by the fact that plaintiff has attempted to recast his claim as an federal "access to courts" claim in order to bring it within the ambit of § 1983.  Obviously, true "access to courts" claims *are* federal claims.  Indeed, "[t]he right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution." Ryland v. Shapiro, 708 F.2d 967, 971 (5th Cir. 1983).  Therefore, "[i]nterference with the right of access to the courts gives rise to a claim for relief under section 1983." Id. at 972.

That said, plaintiff's claim is *not* truly a federal "access to courts" claim. Plaintiff correctly notes that the federal right of "access to the courts" is not limited merely to "physical access"; instead, it also encompasses the right of "adequate, effective, and meaningful" access, which can be violated if a plaintiff's "ability to file suit was delayed, or blocked altogether." Foster v. City of Lake Jackson, 28 F.3d 425, 429-30 (5th Cir. 1994). However, in that sense, the right is limited to only "the right to *institute* suit. In short, ... if Plaintiff is able to file suit, the right is simply not implicated." Ellis v. Magee & Devereux, Civ. Action No. 00-3145, 2001 WL 167744, at *2 (E.D. La. Feb. 15, 2001) (Barbier, J.) (emphasis added); accord Doe v. Dantin, Civ. Action No. 11-467, 2015 WL 3772133, at *3 (E.D. La. June 17, 2015) (Zainey, J.) ("[E]ven egregious conduct potentially affecting the outcome of a case does not violate the right of access unless that conduct can be shown to have also affected *the actual filing* of the underlying lawsuit." (emphasis added)).

Here, defendant's action has in no way prevented plaintiff from filing a state post-conviction application. Further, if he needs access to the allegedly withheld documents in order to fairly present his claims in those post-conviction proceedings, state processes exist for him to obtain the documents. As the Louisiana First Circuit Court of Appeal has explained:

> A 'person' who wants to examine public records must make the request to the custodian of the records. See La. R.S. 44:31 & 44:32. An individual in custody after sentence following felony conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for postconviction relief under La. Code Crim. P. art. 930.3. La. R.S. 44:31.1. Section 31.1 does not prevent an inmate from seeking records simply because the three-year time limitation for the filing of postconviction relief has passed. State ex rel. Leonard v. State, 96-1889 (La. 6/13/97), 695 So.2d 1325. See La. Code Crim. P. art. 930.8. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for

> copies of the documents. <u>See</u> State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1st Cir. 1992). After the trial court issues a ruling in the civil proceeding, the person may seek a civil appeal of the trial court's action, if he desires. <u>See</u> La. R.S. 44:35(C).
>
> If the inmate is not proceeding under the Public Records Law and instead desires to seek a free copy of a district attorney's file, he should file a motion for production of the documents in the criminal proceeding, and he must demonstrate a particularized need. For the inmate requesting documents in anticipation of a collateral attack on his conviction, he cannot make a showing of particularized need absent a properly filed application for postconviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. State ex rel. Bernard v. Criminal District Court Section "J", 94-2247 (La. 4/28/95), 653 So.2d 1174. Under La. Code Crim. P. art. 822(B) (added by 1997 La. Acts No. 1321, § 1), "if at any time after sentence is imposed, the defendant seeks the production of all or any portion of the district attorney's file in a criminal proceeding, the request for production shall be presented by written motion, which shall be tried contradictorily with the district attorney." Article 822 does not apply to requests for records under the Public Records Law, and it does not establish a separate procedure by which an inmate can secure documents from the district attorney. The purpose of this portion of article 822 is to prevent district courts from ordering the production of portions of the district attorney's file without the district attorney first receiving notification of the motion. Under article 822, a contradictory hearing would not be necessary if the court merely denies the request.

State <u>ex rel.</u> <u>McKnight v. State</u>, 742 So.2d 894, 895-96 (La. App. 1st Cir. 1998).

In summary, because the defendant's actions have not prevented plaintiff from *filing* a post-conviction application, he has no cognizable "access to courts" claim. Therefore, "his redress does not lie in a section 1983 suit but rather in the protections provided him in the state court system." <u>Ellis</u>, 2001 WL 167744, at *3. See <u>Merritt v. Florida Parole Commission</u>, No. 4:08cv126, 2009 WL 4403323, at *5 (N.D. Fla. Dec. 1, 2009) ("Plaintiff's allegations make clear that he was able to file a habeas petition in state court and, thus, he had access to state courts. ... To the degree Plaintiff alleges his claim should go forward based on not being provided records pursuant to a state law public records request, that is a state law claim and not a federal constitutional claim." (citation omitted)).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twenty-fourth day of August, 2015.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.